cc: Order, Letter of remand and docket sheet to LASC.

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Yennisen De Santiago,<br><br>            Plaintiff,<br><br>    v.<br><br>Greyhound Lines, Inc.,<br>Mauritta Wallis, Kristine<br>West, and Does 1 through<br>50, inclusive,<br><br>            Defendants. | CV 14-03019-RSWL (JCx)<br><br>**ORDER RE: PLAINTIFF'S<br>MOTION FOR REMAND** [9] |

Currently before the Court is Plaintiff Yennisen De Santiago's ("Plaintiff") Motion to Remand [9]. The Court, having reviewed all papers submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:**

The Court **GRANTS** Plaintiff's Motion.

### I. BACKGROUND

**A.   Factual Background**

Plaintiff is a citizen and resident of the state of California. Compl. ¶ 1. Defendant Greyhound Lines,

1

Inc. ("Greyhound") is a corporation authorized and qualified to do business in California. Id. at ¶ 2. Defendant Greyhound is a citizen of both the states of Delaware and Texas. Notice of Removal ¶ 14. Defendants Mauritta Wallis ("Wallis") and Kristine West ("West") are employees of Defendant Greyhound, and are both citizens and residents of the state of California. Compl. ¶¶ 3-4.

Plaintiff was employed by Defendant Greyhound as an Operations Manager from May 1996 through March 27, 2013. Id. at ¶ 9. Beginning in 2012, Defendants Wallis and West, Plaintiff's subordinates, began subjecting Plaintiff to derogatory and harassing comments because of Plaintiff's race. Id. at ¶ 11. Defendants Wallis and West referred to Plaintiff as a "fucking Mexican" on a near-daily basis. Id. at ¶ 12. Defendant West also called Plaintiff "the devil." Id. at ¶ 15. Defendants Wallis and West repeatedly complained directly to Plaintiff that "these fucking Mexicans are taking our jobs," and made derogatory comments in Plaintiff's presence that "Hispanics should not be allowed to make announcements on the intercom because they sound unprofessional due to their accents." Id. at ¶¶ 13-14. Plaintiff reported the conduct to Defendant Greyhound's human resources beginning in September 2012, but no action was taken. Id. at ¶ 17. Plaintiff was placed on medical leave by her doctor for anxiety and stress induced by the

1  hostile work environment beginning in January 2013.
2  Id. at ¶¶ 21-22.  Despite submitting a doctor's note on
3  March 11, 2013 extending Plaintiff's medical leave
4  through April 29, 2013, Defendant Greyhound terminated
5  Plaintiff on March 27, 2013 for violating a "3 days no
6  call/no show timeframe."  Id. at ¶¶ 22-23.
7      Plaintiff asserts claims against Defendant
8  Greyhound for: (1) disability and race discrimination
9  in violation of the Fair Employment and Housing Act
10 ("FEHA") [Cal. Gov't Code § 12940 et seq.]; (2) failure
11 to provide reasonable accommodation in violation of the
12 FEHA [Cal. Gov't Code § 12940(m)]; (3) failure to
13 engage in the interactive process in violation of the
14 FEHA [Cal. Gov't Code § 12940(n)]; (4) violation of the
15 California Family Rights Act ("CFRA") [Cal. Gov't Code
16 § 12945.2]; (5) harassment based on race/national
17 origin in violation of the FEHA [Cal. Gov't Code §
18 12940 et seq.]; (6) unlawful retaliation in violation
19 of the FEHA [Cal. Gov't Code § 12940 et seq.]; (7)
20 wrongful termination in violation of public policy for
21 exercising FEHA and CFRA rights; (8) failure to prevent
22 discrimination, harassment, and retaliation in
23 violation of the FEHA [Cal. Gov't Code § 12940(k)]; (9)
24 intentional infliction of emotional distress ("IIED");
25 (10) failure to pay all wages owed [Cal. Lab. Code §§
26 201, 222, and 227.3]; (11) failure to provide itemized
27 wage statements [Cal. Lab. Code § 226]; and (12)
28 failure to pay waiting time penalties [Cal. Lab. Code §

203].

Plaintiff also asserts claims against Defendants Wallis and West for: (1) harassment based on race/national origin in violation of the FEHA [Cal. Gov't Code § 12940 et seq.]; and (2) IIED.

**B.   Procedural History**

On April 18, 2014, Defendant Greyhound filed a Notice of Removal from Los Angeles Superior Court to this Court [1].  Defendant Greyhound removed this Action on the grounds of diversity jurisdiction.  Notice of Removal ¶ 1.  Defendant Greyhound contends that Defendants Wallis, West, and Does 1 through 50 need not join the removal because they were fraudulently named as sham defendants for the reasons that (1) these Defendants cannot be individually liable for harassment against a supervisor; and (2) Plaintiff's complaint does not allege facts sufficient to establish a claim against Defendants Wallis and West for IIED.  Id. at ¶¶ 19-20, 27-43.

On May 9, 2014, Plaintiff filed the present Motion for Remand [9].  Defendant Greyhound filed its Opposition on May 20, 2014 [12].  Plaintiff filed her Reply on May 27, 2014 [14].  This matter was set for hearing on June 10, 2014, and was taken under submission on June 5, 2014 [15].

## II.   LEGAL STANDARD

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil

action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332. District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

Section 1446(b) governs the timing of removal. If the case stated by the initial pleading is "removable on its face," then a defendant has thirty days from receipt of the pleading to remove the case. Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885 (9th Cir. 2010) (quoting Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005)). If, however, no basis for removal is apparent in that pleading, the requisite thirty-day removal period does not begin until the defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained. 28 U.S.C. § 1446(b).

The Court may remand a case to state court for lack of subject matter jurisdiction or defects in removal procedure. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. Ethridge v. Harbor House Rest., 861 F.2d

1389, 1393 (9th Cir. 1988).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c).  The removal statute is construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  See <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941) (stating that removal statutes should be construed narrowly in favor of remand to protect jurisdiction of state courts).

### III. ANALYSIS

**A.  Request for Judicial Notice**

Defendant Greyhound requests that this Court take judicial notice of the following documents: (1) Proof of Service of Summons and Complaint on Defendant West; (2) Proof of Service of Summons and Complaint on Defendant Wallis; (3) Complaint in <u>Wallis v. Greyhound Lines, Inc./FirstGroup Am.</u>, Los Angeles Superior Court Case No. BC540911; (4) Notice of Status Conference and Order in <u>DeSantiago v. Greyhound Lines, Inc.</u>, Los Angeles Superior Court Case No. BC538173; and (5) Assembly Committee on Judiciary, April 11, 2000 hearing regarding AB 1856.  Request for Judicial Notice, Exs. A-E.

Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record."

Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001). Further, a trial court must take judicial notice of facts "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). A fact is appropriate for judicial notice only if it is not subject to reasonable dispute because it is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Facts contained in the public record are appropriate subjects of judicial notice. Peel v. BrooksAmerica Mortg. Corp., 788 F. Supp. 2d 1149, 1157-58 (C.D. Cal. 2011) (citing Lee, 250 F.3d at 690). Therefore, a court may take judicial notice of the existence of another court's opinion or of the filing of pleadings in related proceedings. Peel, 788 F. Supp. 2d at 1158.

Because the documents presented by Defendant Greyhound are not subject to reasonable dispute and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, the Court **GRANTS** Defendant Greyhound's Request for Judicial Notice.

**B.   Plaintiff's Motion for Remand**

Courts have held that the citizenship of a fraudulently joined party may be disregarded when evaluating whether removal is proper. See Hamilton

7

Materials, Inc. v. Dow Chemical Co., 494 F.3d 1203, 1206 (9th Cir. 2007). The joinder of a non-diverse defendant is considered fraudulent "[i]f the plaintiff fails to state a cause of action against the [non-diverse] defendant, and the failure is obvious according to the settled rules of the state . . . ." Id. (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).

Removal based on fraudulent joinder is proper only when a defendant can show through "clear and convincing" evidence that a plaintiff cannot possibly assert a claim against the non-diverse party, and could not if given the opportunity to amend the complaint. Ontiveros v. Michaels Stores, Inc., No. CV 12-09437-MMM (FMOx), 2013 WL 815975, at *4 (C.D. Cal. Mar. 5, 2013). This standard is strictly construed in favor of remand. Id. In deciding whether to remand, a court's inquiry rests on whether joinder is proper and not on the merits of the plaintiff's case. Amarant v. Home Depot U.S.A., Inc., No. 1:13-CV-00245-LJO-SKO, 2013 WL 3146809, at *11 (E.D. Cal. June 18, 2013). Therefore, any material ambiguities must be examined in the light most favorable to the plaintiff. Id. at *3.

    1. <u>Plaintiff is Not Barred From Suing Defendants Wallis and West Because the FEHA Protects All Employees From Harassment in the Workplace</u>

Defendant Greyhound argues that Defendants Wallis and West cannot be held individually liable as

8

subordinate employees for their harassing conduct toward Plaintiff, who was their supervisor. However, the Court is not persuaded by Defendant Greyhound's argument. Under the FEHA, it is unlawful for "any person" to harass an employee because of his or her race or national origin. Cal. Gov't Code 12940(j)(1). The FEHA states that "an employee . . . is personally liable for any harassment . . . that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action." Cal. Gov't Code 12940(j)(3); See McClung v. Emp't Dev. Dep't, 34 Cal. 4th 467, 471 (2004) (finding that the FEHA imposes personal liability for harassment on both supervisory and nonsupervisory employees).

Thus, Plaintiff rightfully argues that there is no provision suggesting the FEHA would not protect Plaintiff because of her role as a supervisory employee of Defendant Greyhound. This is especially so given the broad scope of the governing provision. McClung, 34 Cal. 4th at 471; See also McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 106 (2008) ("The FEHA affords California employees broad protection against discrimination, harassment, and retaliation on any of a wide range of impermissible bases").

    2.    <u>Remand is Proper Because Defendant Greyhound</u>

        <u>Has Not Shown Through "Clear and Convincing"</u>
        <u>Evidence that Plaintiff Cannot Establish a FEHA</u>
        <u>Harassment Claim Against Defendants Wallis and</u>
        <u>West</u>

To recover for harassment under the FEHA, a plaintiff must show: "(1) that [the plaintiff] was subjected to verbal or physical conduct of a protected characteristic; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." <u>King v. City and Cnty. of S.F.</u>, No. C 11-01857 WHA, 2012 WL 3877673, at *6 (C.D. Cal. Sept. 6, 2012) (citing <u>Vasquez v. Cnty. of L.A.</u>, 349 F.3d 634, 642 (9th Cir. 2003)).

    Plaintiff alleges that while employed by Defendant Greyhound, she was subjected to a hostile work environment by Defendants Wallis and West. Compl. ¶ 11. Plaintiff asserts that the work environment was replete with harassment based on her race/national origin. <u>Id.</u> at ¶¶ 12-15. Moreover, Plaintiff alleges that when she reported the harassment to Defendant Greyhound's human resources, Defendant Greyhound failed to take action to investigate and stop the improper behavior. <u>Id.</u> at ¶ 17. Finally, Plaintiff claims that the harassment by Defendants Wallis and West was so severe as to necessitate her medical leave of absence. <u>Id.</u> at ¶¶ 22-23.

Greyhound argues, on the other hand, that the examples of harassment alleged in Plaintiff's complaint amount to nothing more than a violation of company policy, but that Plaintiff's complaint does not rise to the level of "severe and pervasive" so as to "alter the conditions of employment." Opp'n 13:21-23. However, the Court finds that Defendant Greyhound has failed to meet its burden in demonstrating that Plaintiff has no possibility of asserting a claim against Defendants Wallis and West, especially in light of the allegations in the Complaint.

In Van Scoy, the court found that the plaintiffs' alleged harassment was sufficiently "severe and pervasive" to alter the conditions of employment and create an abusive work environment. Van Scoy v. New Albertson's, Inc., 2:08-cv-02237-MCE-KJM, 2010 WL 4968046, at *4 (E.D. Cal. Dec. 1, 2010). The court stated that whether the conduct of alleged harassers is sufficiently severe or pervasive depends on the "totality of the circumstances." Id. (quoting Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d 590, 609-10 (1990)). "Those circumstances include the frequency and severity of the acts at issue, whether the conduct is threatening and/or humiliating, and whether, all things considered, such conduct unreasonably interferes with an employee's work performance." Id. (citing Etter v. Veriflo Corp., 64 Cal. App. 4th 457, 464 (1998)). Consequently, the

court denied summary judgment where the plaintiffs provided evidence that pointed to an environment pervaded by racial favoritism. Id.

Here, Plaintiff's allegations of harassment provide a basis upon which the Court can find that the conduct of Defendants Wallis and West was sufficiently severe and pervasive to support a cause of action under the FEHA. Plaintiff alleges being repeatedly subject to racial epithets over the course of several months. Compl. ¶ 11. Defendants Wallis and West allegedly called Plaintiff a "fucking Mexican" and "the devil" on a near-daily basis. Id. at ¶¶ 12, 15. Plaintiff also alleges that Defendants Wallis and West repeatedly complained directly to Plaintiff that "these fucking Mexicans are taking our jobs," and stated in her presence that "Hispanics should not be allowed to make announcements on the intercom because they sound unprofessional due to their accents." Id. at ¶¶ 13-14. Moreover, Defendants Wallis and West's harassment was so extreme as to necessitate Plaintiff's medical leave of absence for stress and anxiety. Id. at ¶ 21-22. In looking at the "totality of the circumstances" surrounding Plaintiff's allegations of harassment against Defendants Wallis and West, the Court finds that Plaintiff has asserted sufficient facts to support that she was subject to unwelcome conduct that was severe and pervasive to create an abusive work environment.

1    Further, Defendant Greyhound does not address the
2 possibility that Plaintiff can amend her Complaint to
3 include additional allegations to support her FEHA
4 claim.  See Ontiveros, 2013 WL 815975 at *6 (holding
5 that removal was improper because a defendant failed to
6 establish that a plaintiff could not possibly assert a
7 successful cause of action for harassment by providing
8 additional facts).  Thus, because Defendant Greyhound
9 fails to show that Plaintiff cannot possibly assert a
10 FEHA harassment claim against Defendants Wallis and
11 West, the Court finds that Defendant Greyhound has
12 failed to meet its burden of proving fraudulent
13 joinder.

       3.   <u>Moreover, Remand is Proper Because Defendant Greyhound Has Not Shown Through "Clear and Convincing" Evidence that Plaintiff Cannot Establish an IIED Claim</u>

18    An IIED claim requires: "(1) extreme and outrageous
19 conduct by the defendant with the intention of causing,
20 or reckless disregard of the probability of causing,
21 emotional distress; (2) the plaintiff's suffering
22 severe or extreme emotional distress; and (3) actual
23 and proximate causation of the emotional distress by
24 the defendant's outrageous conduct." <u>Christensen v.
25 Superior Court</u>, 54 Cal. 3d 868, 903 (1991) (quoting
26 <u>Davidson v. City of Westminister</u>, 32 Cal. 3d 197, 209
27 (1982)).  To be outrageous, conduct must be "so extreme
28 as to exceed all bounds of that usually tolerated in a

13

civilized community." Id.

Courts have found that whether alleged conduct is sufficiently extreme as to constitute "outrageous" behavior is properly determined by the fact finder. Angie M. v. Super. Ct., 37 Cal. App. 4th 1217, 1226 (1995). In cases where defendants have argued that an employee's alleged conduct was not sufficiently outrageous to support an IIED claim, district courts applying the fraudulent-joinder standard have concluded that there is a possibility of liability even where a plaintiff's IIED claim appears "relatively weak." See Asurmendi v. Tyco Elec. Corp., No. C 08-5699 JF (PVT), 2009 WL 650386, at *5 (N.D. Cal. Mar. 11, 2009) (remanding action even where a defendant would likely win on the merits of a relatively weak IIED claim because the defendant did not meet the high burden of proving that the plaintiff's failure to state a claim against alleged sham defendants was obvious under California law). District courts have also remanded, even where the complaint failed to allege outrageous conduct, because it was possible that the plaintiff could cure the deficiency by amendment. Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006) (remanding action where a defendant failed to demonstrate that the plaintiff could not amend to cure a pleading deficiency for his IIED claim against an alleged sham defendant).

Here, Plaintiff asserts that Defendants Wallis and

West subjected Plaintiff to derogatory and harassing comments because of her race. Compl. ¶ 11. Plaintiff's Complaint alleges that Defendants Wallis and West knew that their conduct would cause Plaintiff to suffer emotional distress, as their harassing comments were directed at Plaintiff. Id. at ¶¶ 11-14. Further, Plaintiff claims that Defendants Wallis and West acted with the intent of inflicting emotional distress. Id. Finally, Plaintiff asserts that as a result of Defendants Wallis and West's actions, Plaintiff did in fact suffer emotional distress, which ultimately led to Plaintiff's medical leave. Id. at ¶¶ 16-22.

Defendant Greyhound takes issue specifically with Plaintiff's claim that Defendants Wallis and West's behavior was "outrageous" under the applicable California law for an IIED claim. However, given the allegations in the Complaint against Defendants Wallis and West, the Court finds that their verbal attacks could be construed as conduct so extreme as to exceed all bounds of what is usually tolerated in a civilized community, therefore forming a sufficient basis for an IIED claim. See Alcorn v. Anbro Eng'g, Inc., 2 Cal. 3d 493, 498 (1970) (holding outrageous conduct for an IIED claim to be sufficiently pled where a defendant directed racial epithets at the plaintiff). Thus, there is at least a possibility that Plaintiff can prevail in state court on her IIED claim.

1    Because Defendant Greyhound has not met its heavy
2 burden of showing by clear and convincing evidence that
3 Plaintiff has no possibility of prevailing on the
4 merits of her IIED claim even if Plaintiff were to
5 amend her Complaint, the Court finds that Defendants
6 Wallis and West are not sham defendants.  <u>Burris</u>, 2006
7 WL 2038040 at *2; <u>see also</u> <u>Ostiveros</u>, 2013 WL 815975,
8 at *5.
9    Consequently, because Plaintiff and Defendants
10 Wallis and West are citizens of California, the Court
11 finds that it lacks subject matter jurisdiction over
12 this Action, and **GRANTS** Plaintiff's Motion for Remand.

### IV. CONCLUSION

14    The Court finds that Plaintiff's joinder of
15 Defendants Wallis and West is proper because Defendant
16 Greyhound fails to meet its burden of demonstrating
17 that Plaintiff cannot bring causes of action against
18 Defendants Wallis and West.  Because Defendants Wallis
19 and West are not fraudulently joined, the Court lacks
20 subject matter jurisdiction over this Action.  Thus,
21 the Court **GRANTS** Plaintiff's Motion for Remand.  **This**
22 **action is remanded to Los Angeles County Superior**
23 **Court, Case No. BC521963.**

25 **IT IS SO ORDERED.**
26 DATED: June 26, 2014          RONALD S.W. LEW
                                 _____
                                 **HONORABLE RONALD S.W. LEW**
27                               Senior U.S. District Judge

16